UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                *Plaintiff,*

                   v.                  **NOTICE OF MOTION**
                                              Indictment No: 5:14-cr-00153-GLS

PAUL WILLIAMS,

                *Defendant.*
_____

    S I R S :

        COMES NOW the defendant, PAUL WILLIAMS, by and through his attorney, LINCY M. JACOB, ESQ., hereby moves this Court for the relief set forth in the affidavit annexed hereto and made a part hereof together with such other and further relief as to this court deems just and proper.

DATED:      Albany, New York
                October 6,2014

                                        Respectfully submitted,
                                        */s/ Lincy M. Jacob*
                                        Lincy M. Jacob, Esq.
                                        Tully Rinckey PLLC
                                        441 New Karner Road
                                        Albany, NY 12205
                                        ljacob@1888law4life.com
                                        Bar Roll No. 518208
                                        Counsel for Defendant PAUL WILLIAMS

TO: Katherine Kopita
Assistant US Attorney
14 Durkee Street
Plattsburgh, New York 12901

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA,

                *Plaintiff,*

                v.                **NOTICE OF MOTION**
                                        Indictment No: 5:14-cr-00153-GLS

PAUL WILLIAMS,

                *Defendant.*
_____

STATE OF NEW YORK    )
                             ) SS:
COUNTY OF ALBANY    )

        **LINCY M. JACOB**, being duly sworn, deposes and says:

1)        I am the attorney herein on behalf of **PAUL WILLIAMS**.

2)        The defendant is named in an Indictment charging two counts.  As to the first count, Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance, the alleged controlled substances involved 500 grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and heroin, a Schedule I controlled substance, in violation of Title 21, United States Code §§841(a)(1), 841 (b)(1)(B) and 846.  As to the second count, Possession with Intent to Distribute a Controlled Substance, the alleged controlled substance involving cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code §§841(b)(1)(C).

3)        The defendant has heretofore been indicted, arraigned and has entered a plea of Not Guilty to each and every allegation as contained in the instant Indictment.

### *RULES 12 & 16 OF THE FEDERAL*
### *RULES OF CRIMINAL PROCEDURE*

4) The defense requests notice pursuant to FED.R.CRIM.P. 12(b)(4) of the government's intent to use in its case-in-chief any evidence that Mr. Williams may be entitled to discover pursuant to FED.R.CRIM.P. 16. The defense further requests notice pursuant to FED.R.CRIM.P. 16(a) of any oral, written or recorded statement of Mr. Williams, any documents and objects that the government intends to use in its case-in-chief or was obtained from or belongs to Mr. Williams. The defense also requests notice of any reports of examinations or tests if the item is within the government's control. Finally, the defense requests a written summary of any expert witness the government intends to use in its case-in-chief.

5) The defense further requests that the government's notice of the information be organized pursuant to FED.R.CRIM.P. 16(a)(1). The defense acknowledges that the government filed "Notice of Intent to Use Evidence" regarding the original sealed indictment. However, no "Notice of Intent to Use Evidence" was ever filed with regard to the superseding indictments. The defense requests that the Court order the government to file a more specific Rule 12(b) notice because the current "Notice" is not specific and is overly broad; the "Notice" refers to all of the evidence identified in the documentation, records, audio and video recordings previously turned over to the defense which amounted to over 800 pages.

6) Rule 16(a) identifies seven types of information subject to disclosure. These types of information are delineated in Rule 16(a)(1) subsections (A) thru (G). The Court should note that the "Notice" does not address the Superseding Indictment.

WHEREFORE, the Court should order the government to provide the following: (1) an Amended Notice, pursuant to Rules 12(b) and 16(a); and (2) that the Amended Notice be organized to comply with the organizational scheme of Rule 16(a)(1) subsections (A) thru (G).

## MOTION TO EXCLUDE STATEMENTS BY NON-TESTIFYING CO-CONSPIRATORS

7) Pursuant to *Bruton v. United States*, 391 U.S. 123 (1968), and the Sixth Amendment to the United States Constitution, Mr. Williams respectfully requests that the Court bar the admission into evidence of all post-arrest statements by non-testifying co-conspirators/co-defendants which may implicate him in any way.

8) In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that a defendant's Sixth Amendment right of cross-examination was violated when a non-testifying co-defendant's confession, implicating the defendant, was introduced at their joint criminal trial. *Bruton*'s protection of defendants' Sixth Amendment confrontation and cross-examination rights remains a linchpin of joint criminal trials.

9) Although in *Richardson v. Marsh*, 481 U.S. 200 (1987), the Supreme Court approved the use of non-testifying co-defendant confessions where all reference to the defendant's existence are eliminated and a limiting instruction is used, the continued vitality of *Bruton* and broad protections of the Sixth Amendment were demonstrated by the Supreme Court's recent decision in *Gray v. Maryland*, 523 U.S. 185 (1998). There, the Court applied *Bruton* to a case where reference to the defendant's existence was eliminated in the confession, but deletions in the confession were marked with a blank or "deleted." The Court found that the defendant's Sixth Amendment rights were violated.

*Cf. Lilley v. Virginia*, 527 U.S. 116 (1999) (admission of non-testifying accomplice's confession violated Confrontation Clause).

10) While counsel has received discovery of statements by alleged coconspirators or co-defendants, Mr. Williams cannot know whether the government will seek to use such evidence against him, or even if other statements exist. Therefore, Mr. Williams makes this motion to exclude any such statements, and requests leave to amend and supplement it, and to file an additional memorandum of law or memorandum in support, after he has received full discovery and can apply the applicable authorities to the facts presented.

## MOTION FOR REVELATION OF IDENTITY OF INFORMANTS

11) Mr. Williams hereby moves this Court, pursuant to the provisions of Rule 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution, for an Order requiring the government to disclose the following information:

(a) The identity of any and all informants possessing information which may be material to defendant's alleged guilt or innocence;

(b) The identity of any and all informants who were present at any of the events which are described in the instant indictment;

(c) Any and all government reports containing information received from any informant referenced above which may be material to the instant case.

12) This motion is made on the grounds that the informants are percipient witnesses to the allegations contained in the instant indictment, and may also possess exculpatory and exonerating information. With respect to item (c), Mr. Williams requests these reports on the ground that, to the extent he has been unable to review reports containing

factual information relayed by that informant, he has been unable to lay proper factual foundation for the disclosure of the informant.  At a minimum, defendant seeks to have all reports described above submitted <u>in camera</u> to the Court for review and subsequent disclosure to counsel.  In the event that the Court does not compel disclosure of this information and the identities of the informants, defendant respectfully requests that all government reports be sealed and made part of the record in the instant case.

## MOTION FOR IDENTITY OF INFORMANTS

13)	In *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957), the United States Supreme Court held that whenever an informant's testimony may be relevant and helpful to the accused's defense, his or her identity must be revealed.  The *Roviaro* Court set forth the following general standard for disclosure:

> Where the disclosure of an informant's identity or the contents of his communications is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the privilege must be waived. In these situations, the trial court may require disclosure and, if the government withholds the information, dismiss the action.

*Roviaro v. United States, supra*, 353 U.S. at 60-61.

The Court made clear that, while there is no fixed rule with respect to disclosure, four considerations are relevant:  (1) the crime charged; (2) the possible defenses; (3) the possible significance of the informant's testimony; and (4) other relevant factors.

The "relevant and helpful" language of *Roviaro* has been interpreted by the Second Circuit "to require disclosure when it is material to the defense."  *DiBlasio v. Keane*, 932 F.2d 1038, 1041-1042 (2d Cir. 1991).   The *DiBlasio* Court recognized that:

The judge must consider a number of factors in determining whether the informant's testimony is material: "the crime charged, the possible defenses, the possible significance of the informant's testimony and other relevant factors."

*Citing*, *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089, 109 S.Ct. 1555 (1989), *quoting*, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957).

14) Similarly, the Ninth Circuit requires disclosure of the identity of an informant when he or she is a percipient witness. Thus, in *United States v. Cervantes*, the Court recognized that a "percipient witness" must be disclosed: The government acknowledges that the informant Duque was a percipient witness to the transaction. It therefore supplied Cervantes with the informant's identity. *See*, *Roviaro v. United States*.

15) *United States v. Cervantes*, 542 F.2d 773, 775 (9th Cir. 1976) (en banc). The same result was reached in *United States v. Hernandez*:

> In light of [the informant'[s] role in the narcotics transaction with which appellants were charged, it cannot be said that disclosure of Smith's identity would not have been "relevant or helpful" to the appellant's defense . . . Because [the informant] was a participant in the events that were critical to the prosecution's case, no claim could be raised under *Roviaro*, nor was it raised, that [the informant's] identity could be lawfully withheld from the appellants. [Citations omitted].

*United States v. Hernandez*, 608 F.2d 741, 744-745 (9th Cir. 1979); *see also*, *United States v. Miramon*, 443 F.2d 361, 362 (9th Cir. 1971).

16) The law is also clear that where an informant's testimony is essential to a fair determination, the government may be required to disclose his identity and address, if any. *United States v. Roberts,* 388 F.2d 646 (2d Cir. 1968). *See also, United States v. Anderson*, 509 F.2d 724 (9th Cir. 1975) (within the court's discretion to compel disclosure even when use of the informant goes only to probable cause).

Further, the need for disclosure and production of the informant is mandated when the indictment contains a conspiracy charge and the informant could have information regarding either knowing membership in the conspiracy or possible entrapment. *United States v. Mormon, supra; Lopez-Hernandez v. United States*, 394 F.2d 820 (9th Cir. 1968); *Alexander v. United States*, 362 F.2d 379 (9th Cir. 1966).

17) Obviously, it is not Mr. Williams' burden to prove what the informant would actually say if disclosed since the informant's unavailability makes that burden impossible to discharge in all cases. As stated by the Court in *United States v. Day, supra*: "No matter how inert his role of participation he might still possess information relevant to a fair determination of the issues".

18) As to all informants, the defense is entitled to a revelation of their whereabouts and addresses prior to trial so that sufficient investigation into their background can be made. As stated by the Court in *United States v. Hernandez, supra*:

> We recognize that the address of a principal witness, as [the informant] most assuredly was, is an integral element of identity for without such information, little meaningful inquiry can be made into the background information affecting credibility.

*United States v. Hernandez*, 608 F.2d 741, at 745 (9th Cir. 1979).

19) In this case, therefore, the location and present whereabouts of any and all informant[s] must be immediately disclosed so that an investigation may be made into the credibility and background of the informants prior to trial. Further, any purported government assertion that there is some unspecified danger to informants is insufficient to justify withholding the information concerning his or her whereabouts. As *Hernandez* makes clear, the decision concerning potential "danger" must be made only after an evidentiary hearing. *Hernandez, supra*, 608 F.2d at 745, fn.3.

20) Finally, the government's obligation is not fully satisfied by merely disclosing the identity and location of the informants. The defense here specifically requests that the informants be produced. The Ninth Circuit has held that government has an obligation to "accomplish this or show that, despite reasonable efforts, it was not able to do so". *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976) (en banc). *See also, United States v. Cervantes*, supra; *Velarde-Villa Real v. United States*, 354 F.2d 9 (9th Cir. 1965).

21) For the reasons cited above, it is apparent that each of the informants in this case is a material witness. The government should be ordered to disclose the identity of that witness and his or her whereabouts, and to make those witnesses available to the defense. Failure to do so would require dismissal of the case.

22) In addition, the defense demands the following information about all informants:

a. All evidence affecting the issues of bias or credibility;

b. Their criminal records, *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980);

c. All promises or consideration of any kind given to the informants, *Giglio v. United States*, 405 U.S. 150 (1972); 27

d. Identification of the informants' prior testimony, *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975);

e. Evidence of psychiatric treatment of each informant or cooperating witness or person, *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983);

f. Evidence of the informants' narcotic habits, *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972);

g. Whether the informants are being compensated, including favorable plea agreements, in return for their cooperation with the government.  *United States v. Morell*, 524 F.2d 550 (2d Cir. 1975); and,

h. A review of the informant file kept by the authorities for each informant.

23)     The inherent unreliability of the testimony of an accomplice or government informant underscores the need for complete disclosure of information relating to credibility.  *See United States v. Bagley*, 473 U.S. 667 (1985); *Perkins v. LeFevre*, 642 F.2d 37 (2d Cir. 1981); *United States v. Caldwell*, 466 F.2d 611 (9th Cir. 1972). Put another way, "[t]he use of informants to investigate and prosecute persons is fraught with peril." *United States v. Bernal-Obeso,* 989 F.2d 331 (9th Cir. 1993). For these reasons, the identifies and information requested above should be disclosed by the government to Mr. Williams.

## DOCUMENTS AND TANGIBLE ITEMS

24)     Mr. Williams requests the following: (1) any tangible items within the government's possession, custody and/or control which the prosecutor intends to use as evidence in chief; (b) any tangible items within the government's possession, custody and/or control which was obtained from the defendant or which belong to the defendant; (c) any tangible items within the government's possession, custody and/or control which is material to the preparation of the defendant's defense; and (d) any and all recordings of any conversations which pertain to any of the facts alleged in the instant Indictment.

## INTERCEPTED COMMUNICATIONS

25)	Mr. Williams hereby requests notification of the existence of any and all Title III surveillance, or any electronic surveillance conducted pursuant to federal, state or local warrant, including any intercepted communications (audio and/or video intercepts) or evidentiary leads derived therefrom, and a statement as to whether they were acquired in the presence or absence of court authorization.

    1. If acquired by warrantless means, disclosure is requested as to the following:

        (a) specifications of the name and address of the participant in each such communication who ostensibly consented to interception of same;

        (b) reproduction of any technical or physical surveillance logs respective of each communication so intercepted;

        (c) reproduction of any transcripts purporting to memorialize the content of each communication so intercepted; and

        (d) any instructions by the supervising agency to each participant who purportedly consented to the interception.

    2.	As to each and every intercepted communication, counsel further seeks an opportunity to examine and inspect the electronic equipment used to intercept and record each communication constituting the subject of electronic surveillance.

### SEARCH AND SEIZURE

26)	In order to preserve his rights, to the extent not yet provided, Mr. Williams hereby seeks notification of whether any evidence to be offered at trial consists of or was derived from the "fruits" of any search and/or seizure.  Disclosure is requested as to the following:

(a) the basis of the original stop of the vehicle;

(b) the basis of the request to receive every occupants' license;

(c) the legal rationale for the K9 search of the vehicle;

(d) the estimated time of the seizure of Mr. Williams and his occupants;

(e) the exact time and date when the United States government entered into the investigation of the defendant or any codefendant relative to the instant matter;

(f) the call log and radio transmissions from the date in question which is kept in the course of ordinary business by the New York State Police;

(g) Provide to counsel a list of all items seized from any place where Mr. Williams arguably had a legitimate expectation of privacy and provide the circumstances of the seizure of said items and whether the seizures were pursuant to a warrant.

### REPORTS OF EXAMINATIONS AND TESTS

27) Mr. Williams respectfully requests disclosure of any and all results of any physical, mental and/or scientific examinations, tests and/or experiments within the prosecution's possession, custody and/or control which are either intended by the prosecution to be used as evidence in chief or which are material to the defense preparation and have not been previously provided.

### *JENCKS* MATERIAL

28) Mr. Williams respectfully requests disclosure of *Jencks* material (18 U.S.C. 3500) at least 30 days in advance of trial so as to permit its meaningful use by the defense.

29) It is respectfully requested that the defense motion for discovery and inspection pursuant to Rule 16, and notice of intention be granted.

## MOTION FOR DISCLOSURE OF EVIDENCE PURSUANT TO   RULES 404(b), 608 AND 609 OF THE FEDERAL RULES OF EVIDENCE

30) Pursuant to Rules 12(b)(4), (d)(1) and (2) of the Federal Rules of Criminal Procedure, and Rules 104(a) and 404(b) of the Federal Rules of Evidence, Mr. Williams respectfully requests that the government notify him of any evidence that the government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence.

31) The defendant also request pretrial disclosure of any other evidence the government intends to use to impeach the defendant's credibility if he should choose to testify. In the event the government intends to use such evidence, the defendant requests a pretrial hearing to determine the admissibility of such evidence.

32) The defense should be put on notice of the exact nature of this evidence, the witnesses pertaining thereto, the documents in support thereof, and the theory upon which the government asserts that admissibility rests.  By so notifying the defense in advance of trial, the defendant can file appropriate motion(s) *in limine* prior to trial and afford the Court the occasion to make pretrial determinations regarding the admissibility of any potential Rule 404(b) evidence proffered by the prosecution.

34) The defense requests discovery of all information pertaining to the character and/or conduct that may be used to impeach any witness the government intends to call.

35) The pretrial determination of the admissibility of this evidence question will serve to ensure the smooth operation of the trial, eliminate possible extraneous objections and assist both the government and defense counsel in the presentation of evidence.

## MOTION FOR LEAVE TO MAKE OTHER MOTIONS

36) Mr. Williams respectfully moves the Court for an order allowing him to make further and additional motions which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or by any information provided by the government in response to the defendant's demands.

37) The specific requests contained in these motions are not meant to limit or preclude future requests by the defendant for further relief from this Court as appropriate. The reason additional motions should be allowed is that filing these motions at this time would not be an efficient use of the Court's and the parties' time and resources, as many of these motions may not be necessary based on what evidence the government does or does not intend to introduce at trial, or by other pre-trial developments in this case. Additionally, other motions may be required depending on the Court's rulings on the motions made *supra* and other information or documents disclosed by the government.

38) Specifically, Mr. Williams reserves the right to make the following motions at an appropriate time in the case, in addition to other motions that may be appropriate: 1) motions *in limine* related to evidence the government, Mr. Williams or codefendants intend(s) to introduce at trial; 2) *ex parte* motion pursuant to Federal Rule of Criminal Procedure 17(b)/(c) for an order allowing the pretrial production of documents; 3) motion pursuant to Federal Rule of Criminal Procedure 15(a) for pre-trial deposition of a witness; 4) motion for pre-trial production of government summaries pursuant to Federal Rule of Evidence 1006; 5) motion for a supplemental jury questionnaire or for counsel participation in *voir dire*; 6) motion for additional peremptory challenges; 7) Federal Rule of Criminal Procedure Rule 29 motions at trial; and, 8) motion for various non-pattern

jury instructions. Additionally, Mr. Williams reserves his right to move to dismiss the indictment because it alleges two distinct conspiracies.

39) For the foregoing reasons, the Court should issue an Order permitting Mr. Williams to make other motions as requested above.

**WHEREFORE**, your affiant respectfully requests that this Court issue an order granting in full each and every form of relief and request as to this Court may appear just and equitable together with the reservation of rights to this Defendant to bring within a reasonable time further and continued forms of relief as may be necessitated by the Government's responses hereto as well as from your affiant's continuing investigation and the Government's continuing duty to disclose and order granting to the Defendant any and all relief granted to any co-defendant based upon pre-trial requests.

DATED:   Albany, New York
         October 6, 2014

Respectfully submitted,

*/s/ Lincy M. Jacob*
Lincy M. Jacob, Esq.
Tully Rinckey PLLC
441 New Karner Road
Albany, NY 12205
ljacob@1888law4life.com
Bar Roll No. 518208
Counsel for Defendant PAUL WILLIAMS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

              *Plaintiff*,

              v.

PAUL WILLIAMS,

              *Defendant.*
_____

**CERTIFICATE OF SERVICE**
Indictment No: 5:14-cr-00153-GLS

I hereby certify that on October 6, 2014, I Lincy M. Jacob, Esq., electronically filed the foregoing Notice of Motion with the Clerk of the District Court using CM/ECF system which would then electronically notify all CM/ECF participants on this case.

    /s/Lincy M. Jacob, Esq.
Lincy M. Jacob, Esq.
Tully Rinckey PLLC
441 New Karner Road
Albany, NY 12205
ljacob@1888law4life.com
Bar Roll No. 518208
Counsel for Defendant PAUL WILLIAMS