UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

               v.                            5:14-cr-153
                                                (GLS)

PAUL WILLIAMS,

                      Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE UNITED STATES:** | |
| HON. RICHARD S. HARTUNIAN | KATHERINE E. KOPITA |
| United States Attorney | Assistant U.S. Attorney |
| 14 Durkee Street | |
| Room 340 | |
| Plattsburgh, New York 12901 | |
| | |
| **FOR THE DEFENDANT:** | |
| Tully, Rinckey Law Firm | DONALD E. KELLY, ESQ. |
| 441 New Karner Road | LINCY M. JACOB, ESQ. |
| Albany, NY 12205 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Defendant Paul Williams has been indicted for participating in a cocaine and heroin trafficking conspiracy and for the possession with intent to distribute cocaine, *see* 21 U.S.C. §§ 841, 846. (Dkt. No. 1.) Pending

are his motions for a bill of particulars, (Dkt. No. 10), and for various forms of omnibus relief, including: an order directing the government to file a revised notice indicating its intention to use evidence, *see* Fed. R. Crim. P. 12(b)(4); the preclusion of trial testimony regarding statements by non-testifying coconspirators "[p]ursuant to *Bruton v. United States*, 391 U.S. 123 (1968)"; permission to file additional motions; and, the disclosure of informants, documents and tangible items of evidence, intercepted communications, reports of examinations and tests, information pertaining to searches and seizures, Jencks Act[1] materials, and other crimes evidence, (Dkt. No. 16).

Disregarding the Criminal Pretrial Scheduling Order, (Dkt. No. 5 (hereinafter "CPSO")), and the Local Rules governing criminal motion practice in this District, counsel for Williams has failed to heed the court's prior warnings regarding its lack of tolerance for pro forma motions of the kind she has filed. Accordingly, the motions are denied in their entirety. To the extent further explanation is warranted, the court does so below.

## II. Discussion

Contrary to the CPSO and the Local Rules, counsel's discovery

---

[1] *See* 18 U.S.C. § 3500.

motion contains no certification indicating that she conferred with opposing counsel in a good faith effort to resolve discovery issues.  See L.R. Cr. P. 12.1(b); (CPSO ¶ II(G).)  Furthermore, motions seeking relief beyond discovery require the moving party to confer with opposing counsel in writing to ascertain whether there is agreement that the requested relief is appropriate, and counsel has failed to certify that she has done so.  (CPSO ¶ III(B).)  So too, the government has already met its discovery obligations.  (Dkt. No. 15 at 2-3.)  Lastly, the Local Criminal Rules and CPSO set the requirements for, and timing of, most of the relief sought by Williams, including: Fed. R. Crim. P. 16(a) and 12(d) information; prior bad act evidence; *Giglio*[2] and *Brady*[3] material; a record of testifying informant's convictions; and Jencks Act material.  See L.R. Cr. P. 14.1; (CPSO ¶ II.)  The court has repeatedly cautioned attorneys that, absent good cause, the Local Rules and CPSO control disclosure.  See *United States v. Vasconecellos*, 658 F. Supp. 2d 366, 372 (N.D.N.Y. 2009); *United States v. Tudoran*, 476 F. Supp. 2d 205, 216 (N.D.N.Y. 2007); *United States v. Miller*, 382 F. Supp. 2d 350, 355, 359-61 (N.D.N.Y. 2005); *United States v.*

---

[2]*See United States v. Giglio*, 405 U.S. 150 (1972).

[3]*See Brady v. Maryland*, 373 U.S. 83 (1963).

*Elliott*, 363 F. Supp. 2d 439, 442-48 (N.D.N.Y. 2005); *United States v. DeLouya*, No. 1:04CR588, 2005 WL 3244173, at *5-7 (N.D.N.Y. Nov. 30, 2005)).  Accordingly, Williams' motions seeking the following relief are denied: discovery; an order directing the government to file a revised notice indicating its intention to use evidence; and the disclosure of documents and tangible items of evidence, intercepted communications, reports of examinations and tests, information pertaining to searches and seizures, Jencks Act materials, and other crimes evidence.

The court briefly turns to Williams' remaining requests.  He seeks to preclude the admission at trial of post-arrest statements made by non-testifying coconspirators "[p]ursuant to *Bruton v. United States*, 391 U.S. 123 (1968)." (Dkt. No. 16 at 4-5.)  Williams is the sole indicted defendant.  As such, there are no statements subject to a *Bruton* analysis.  *See Richardson v. Marsh*, 481 U.S. 200, 207 (1987).  Furthermore, and as the government states in its response, (Dkt. No. 21 at 2), it has no intention of offering post-arrest statements of any witness.  Lastly, absent unusual circumstances, a coconspirator's post-arrest statement would not be in furtherance of the conspiracy and therefore inadmissible in any event.  This request makes no sense whatsoever and is denied.

4

Citing nothing more than Rule 7(f) of the Federal Rules of Criminal Procedure, Williams also seeks a litany of evidentiary detail in his request for a bill of particulars. (Dkt. No. 10.) He has made no attempt to demonstrate need to prepare a defense or avoid surprise at trial, the acquisition of evidentiary detail is not the purpose of a bill of particulars, and the government has already met its discovery obligations. *See Vasconcellos*, 658 F. Supp. 2d at 375. The request is denied.

Next, Williams seeks disclosure of the identity of informants and a litany of information regarding such informants. While his citation to appropriate authority is admirable, he has failed to cite any facts that suggest the underlying investigation was predicated on the use of informants, and, if so, how disclosure would support his request. *See id.* As the government cogently notes, no informants were utilized in its investigation other than in support of eavesdropping warrants, and none of those made disclosures involving Williams. (Dkt. No. 21 at 2 & n.1.) Again, this request is denied.

Lastly, Williams seeks permission to file additional motions, including a motion attacking the sufficiency of the indictment. (Dkt. No. 16 at 13-15.) Most of the additional motions he seeks to file are related to trial issues,

5

and the timing of such motions is addressed in the CPSO. As to the sufficiency of the indictment, Rule 12(b)(3)(b) of the Federal Rules of Criminal Procedure requires that Williams' sufficiency argument must be raised pretrial, and his time to do so has now passed. (CSPO ¶ III.) Nonetheless, and as the court has previously admonished:

> [It] will permit further motions only for good cause shown should future developments produce new material facts and issues. They will be rejected if they rehash issues, or if they are based on facts and legal arguments which, through the exercise of due diligence, could have been included in the current motions. The court will apply this discretionary standard to future motions.

*Vasconcellos*, 658 F. Supp. 2d at 377.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Williams' motions (Dkt. Nos. 10, 16) are **DENIED** except that his request to file additional motions is **DENIED WITH LEAVE TO RENEW** provided that he meets the standard articulated by the court herein; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 23, 2015
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court